IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED D. DAVIS and KAREN C. DAVIS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WACHOVIA MORTGAGE; WORLD SAVINGS BANK, FSB; FEDERAL SAVINGS BANK; BAM REALTY & LOANS; LOTTIE DELORIS MURRAY; CARLOS BARNES and DOES 1-20 inclusive,<br><br>　　　　Defendants.<br>_____/ | Case No. 2:09-CV-01807-JAM-GGH<br><br>ORDER GRANTING DEFENDANT'S<br>　　MOTION TO DISMISS |

　　This matter comes before the Court on Defendant Wachovia Mortgage's, formerly known as World Savings Bank,("Defendant's") Motion to Dismiss Plaintiffs Alfred D. Davis and Karen C. Davis' ("Plaintiffs'") First Amended Complaint ("FAC"), for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6). Plaintiffs oppose the motion.[1] Defendant also brings a Motion to Strike Portions of the FAC, pursuant to Federal Rule of Civil Procedure 12(f), which Plaintiffs oppose. For the reasons explained below, Defendant's Motion to Dismiss is GRANTED.

## I. Factual and Procedural Background

In July 2006, Plaintiffs obtained two loans: a "Pick-a-Pay" adjustable rate mortgage to refinance their residential property located at 108 Conductor Way, Folsom, CA ("subject property") and an Equity Line of Credit. The terms of the loans were memorialized in two promissory Notes, which were secured by two Deeds of Trust on the subject property. The lender was World Savings Bank, renamed and now known as Wachovia. Plaintiffs allege that they did not receive required disclosures, that disclosures were not clear, and that the mortgage brokers (not parties to this motion), mislead them regarding the terms of the loan.

Plaintiffs brought the present lawsuit alleging two federal causes of action for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq., and the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §2605 et

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

seq., and seven state law causes of action. In Plaintiffs' Opposition to the Motion to Dismiss, Plaintiffs voluntarily dismissed, without prejudice, the federal TILA and RESPA claims against Defendant. All that remains for this Court to decide are the state law causes of action.

## II. Opinion

Pursuant to 28 U.S.C. §1367, in any civil action in which the district court has original jurisdiction, the district court also has supplemental jurisdiction over all other claims in the action which form part of the same case or controversy. <u>Wheeler v. Payless Towing</u>, 2010 WL 148714 at *3 (E.D. Cal. Jan. 11, 2010). However, "if the federal claims are dismissed before trial. . .  the state law claims should be dismissed as well." <u>Id</u>. (<u>quoting</u> <u>United Mine Workers of Amer. v. Gibbs</u>, 383 U.S. 715, 726 (1966).

In the present case, Plaintiffs have voluntarily dismissed all federal claims, leaving only state law claims. The Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the seven state law causes of action are dismissed without prejudice to re-file in state court.

III. <u>ORDER</u>

For the foregoing reasons, Defendant's Motion to Dismiss is hereby GRANTED. The federal TILA and RESPA claims against Defendant are dismissed, with prejudice. The seven state law claims are dismissed, without prejudice to re-file in state court.[2]

IT IS SO ORDERED.

Dated: February 11, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court is dismissing all federal claims with prejudice and declining to take jurisdiction over the state claims, the Motion to Strike is moot.

4